**UNPUBLISHED**

**UNITED STATES COURT OF APPEALS**

**FOR THE FOURTH CIRCUIT**

SKYDIVE SUFFOLK, INCORPORATED,
Plaintiff-Appellant,

v.

No. 97-1715

ZACHARY SCOTT STROUPE; STANDARD
AIRCRAFT PARTS, INCORPORATED,
Defendants-Appellees.

Appeal from the United States District Court
for the Eastern District of Virginia, at Alexandria.
Leonie M. Brinkema, District Judge.
(CA-96-936-A)

Submitted: December 30, 1997

Decided: January 22, 1998

Before HALL, HAMILTON, and WILLIAMS, Circuit Judges.

_____

Affirmed by unpublished per curiam opinion.

_____

**COUNSEL**

Joseph D. Kuchta, KUCHTA & BRINKER, Washington, D.C., for
Appellant. Barry C. Hansen, GILMAN & PANGIA, Washington,
D.C., for Appellees.

_____

Unpublished opinions are not binding precedent in this circuit. See
Local Rule 36(c).

**OPINION**

PER CURIAM:

Skydive Suffolk (Skydive) appeals the district court's order granting it consequential damages of $1,961 against Zachary Stroupe and Standard Aircraft Parts, Inc. (Stroupe), for failing to perform an aircraft engine overhaul within an agreed-upon time frame. On appeal, Skydive contends that the district court erred by excluding the lay opinion testimony of Pat Bowler concerning his estimate of the damages caused by Stroupe's delay. According to Skydive, Bowler's testimony would have established that Skydive suffered over $58,000 in direct and consequential damages. Finding no reversible error, we affirm the order of the district court.

In March 1995, Skydive hired Stroupe to overhaul an airplane engine. Stroupe overhauled the engine and returned it to Skydive in May 1995. Without knowing that the engine was not airworthy, Skydive paid Stroupe $11,909. Failing to persuade Stroupe to fix the engine, Skydive hired another contractor to make the repairs. The engine was returned to service in July 1995.

Skydive filed suit, claiming that Stroupe's failure to timely deliver an airworthy engine resulted in direct damages of $7,039.66 and consequential damages of $51,230 in lost profits. Skydive sought to offer as evidence several years of its profit and loss (P&L) statements and the expert testimony of Pat Bowler, a certified public accountant and experienced skydiver. However, Skydive did not timely identify Bowler as an expert witness; thus, the court excluded Bowler from testifying as an expert. Although Bowler could not testify as an expert, the court allowed Bowler to testify to his observations as a skydiver as long as he did not offer his opinions regarding Skydive's P&L statements. Skydive contends that Bowler's lay opinion about Skydive's financial records was crucial to the issue of damages, and, consequently, that the exclusion of Bowler's testimony materially affected the outcome of the trial.

This circuit gives broad discretion to trial judges sitting as fact finders to sift through expert and lay testimony to find the truth. See Sparks v. Gilley Trucking Co., 992 F.2d 50, 53 (4th Cir. 1993). Bowl-

2

er's lay testimony concerning Skydive's lost profits was unnecessary because the P&L statements were not complex. The district court found the P&L statements straightforward and explanatory witness testimony unnecessary. The court was able to review several years of Skydive's finances and determine for itself exactly what impact Stroupe's failure to timely deliver the overhauled aircraft engine had upon Skydive's profits. Moreover, Bowler's proposed testimony was cumulative because Bowler merely proposed to testify about financial records that had already been admitted into evidence. Thus, the court did not abuse its discretion by excluding Bowler's testimony. The court had the necessary information to determine the amount of damages suffered by Skydive, and relevant evidence may be excluded in a bench trial because it is cumulative. See Schultz v. Butcher, 24 F.3d 626, 632 (4th Cir. 1994).

Accordingly, we affirm the district court's judgment. Additionally, we grant Skydive's motion to file a supplemental appendix. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

AFFIRMED